UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID MARROWBONE,<br><br>Defendant. | 4:24-CR-40106-RAL<br><br><br>OPINION AND ORDER DENYING<br>DEFENDANT'S MOTION TO DISMISS<br>INDICTMENT |

The United States charged David Marrowbone with one count of failure to register as a sex offender in violation of 18 U.S.C. § 2250(a).  Doc. 1.  Marrowbone moved to dismiss the Indictment for failure to state an offense, arguing that his 1982 conviction for assault with intent to commit rape does not qualify as a "sex offense" triggering the registration requirement.  Docs. 29, 30.  The United States opposed the motion and filed a brief supporting its position, Doc. 36, after which Marrowbone filed a reply brief, Doc. 39.

In a prior case, 14-CR-30071, Marrowbone presented a similar challenge to his indictment for failure to register as a sex offender.  This Court denied the motion, finding that Marrowbone's 1982 conviction was a sex offense.  See United States v. Marrowbone, 3:14–CR–30071, 2014 WL 6694781 (D.S.D. Nov. 26, 2014).  Thereafter, the United States Supreme Court issued its decision in Mathis v. United States, 579 U.S. 500 (2016), which Marrowbone now relies on in his present challenge to the Indictment.  This Court will revisit Marrowbone's argument in light of Mathis. For the reasons set forth below, Marrowbone's motion to dismiss is denied.

1

## I.    Legal Standard on Motion to Dismiss and Validity of Indictment

Marrowbone argues that the Indictment fails to state an offense and therefore must be dismissed under Rule 12(b)(3)(B)(v). Doc. 30. "A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). However, under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), a defendant "must" challenge an indictment for failing to state an offense before trial. "An indictment survives a motion to dismiss for failure to state an offense if the indictment contains a facially sufficient allegation." United States v. Sholley-Gonzalez, 996 F.3d 887, 893 (8th Cir. 2021) (cleaned up and citation omitted). "An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." United States v. Steffen, 687 F.3d 1104, 1109 (8th Cir. 2012) (citation omitted). This is a low bar, and an indictment normally will be found valid unless it is "so defective" that no reasonable construction of it properly charges the offense for which the defendant is being tried. United States v. Sewell, 513 F.3d 820, 821 (8th Cir. 2008) (citation omitted). Normally, an indictment that tracks the statutory language is sufficient. Id. When ruling on a motion to dismiss, a court must accept all factual allegations in the indictment as true. See United States v. Hansmeier, 988 F.3d 428, 436 (8th Cir. 2021).

The United States alleges that Marrowbone failed to register or update his registration in violation of 18 U.S.C. § 2250(a). Section 2250(a) states that:

Whoever—

(1) is required to register under the Sex Offender Registration and Notification Act;

(2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law . . . ;

2

> . . . and
> (3) knowingly fails to register or update a registration as required by
> the Sex Offender Registration and Notification Act;
> shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2250(a).

The Indictment charges:

> Between on or about May 24, 2024, and continuing through on or about July 15,
> 2024, in the District of South Dakota, the defendant, David Marrowbone, a person
> required to register under the Sex Offender Registration and Notification Act, and
> a sex offender by reason of a conviction under federal law, did knowingly fail to
> register and update a registration, all in violation of 18 U.S.C. § 2250(a).

Doc. 1. The wording of the Indictment tracks the three elements of the offense. First, it charges

that Marrowbone is required to "register under the Sex Offender Registration and Notification

Act." Second, it charges that Marrowbone is a "sex offender by reason of a conviction under

federal law." Third, it charges that Marrowbone "knowingly fail[ed] to register and update a

registration." On its face, the Indictment is valid.

A valid indictment ordinarily will survive a motion to dismiss for failure to state an offense

without further inquiry. "An indictment should be tested solely on the basis of the allegations

made on its face," and no evidence outside the four corners of the indictment should be considered.

United States v. Hall, 20 F.3d 1084, 1087 (10th Cir. 1994). In a criminal proceeding based on a

grand jury indictment, there is no further procedure to test the sufficiency of the evidence before

trial. United States v. Ferro, 252 F.3d 964, 968 (8th Cir. 2001). A court cannot dismiss an

indictment based on "predictions as to what the trial evidence will be," instead it must give the

United States the opportunity to present its evidence. Id. (citation omitted). But "[i]f a question

of law is involved, then consideration of the motion [to dismiss indictment] is generally proper."

United States v. Fontenot, 665 F.3d 640, 644 (5th Cir. 2011) (citation omitted). Moreover, "courts

considering the sufficiency of SORNA-based indictments have reasoned that looking to extrinsic

3

evidence is permissible when the material facts are undisputed and the challenge presents a pure question of law." United States v. Church, 461 F. Supp. 3d 875, 881 (S.D. Iowa 2020) (collecting cases).

Here, Marrowbone's motion presents a legal rather than a factual issue appropriate to be decided before trial. Both parties agree that the underlying criminal offense alleged to trigger Marrowbone's responsibility to register as a sex offender is a 1982 federal conviction for assault with intent to commit rape in violation of 18 U.S.C. § 113(a) that was in force at the time.[1]  Doc. 30 at 1, Doc. 36 at 1. Marrowbone argues that his 1982 conviction for assault with intent to commit rape does not qualify as a sex offense for which he must register as a sex offender. Specifically, Marrowbone argues that § 113(a) is an indivisible statute that, when assessed under the categorical approach, sweeps too broadly to qualify as a sex offense.

## II.    Discussion

Only a "sex offender" who "is required to register under the [SORNA]," but fails to so register is subject to criminal punishment under § 2250. A sex offender is an individual who has been convicted of a "sex offense." 34 U.S.C. § 20911(1). Federal law defines a sex offense:

[T]he term "sex offense" means—
(i) a criminal offense that has an element involving a sexual act or sexual contact with another;
(ii) a criminal offense that is a specified offense against a minor;
(iii) a Federal offense (including an offense prosecuted under section 1152 or 1153 of Title 18) under section 1591, or chapter 109A, 110 (other than section 2257, 2257A, or 2258), or 117, of title 18;
(iv) a military offense specified by the Secretary of Defense under section 115(a)(8)(C)(i) of Public Law 105-119 (10 U.S.C. 951 note); or
(v) an attempt or conspiracy to commit an offense described in clauses (i) through (iv).

---

[1] Assault with intent to commit rape is no longer included in 18 U.S.C. § 113.

4

34 U.S.C. § 20911(5)(A). Marrowbone's 1982 conviction is neither a specified offense against a minor victim nor one of the enumerated federal offenses or a specified military offense. Therefore, the 1982 offense is a sex offense only if it falls under clause (i) or clause (v) of the definition of sex offense under § 20911(5)(A).

In deciding whether a prior conviction qualifies as a sex offense under § 20911(5)(A)(i), and in turn, under § 20911(5)(A)(v), courts utilize the "categorical approach." See United States v. Faulls, 821 F.3d 502, 512 (4th Cir. 2016); United States v. Rogers, 804 F.3d 1233, 1237 (7th Cir. 2015); United States v. Vineyard, 945 F.3d 1164, 1170 (11th Cir. 2019). The categorical approach looks only to the statutory definition of the offense—not the facts underlying the conviction—to determine whether an element involving a sexual act or sexual contact with another is present. Descamps v. United States, 570 U.S. 254, 261 (2013). If the offense has an element involving a sexual act or sexual contact with another, the prior conviction qualifies as a sex offense. But if the offense covers conduct that would not necessarily involve a sexual act or sexual contact with another, the offense is not a sex offense, even if the underlying facts involve a sexual act or sexual contact with another.

The categorical approach works well enough when a statute "sets out a single (or 'indivisible') set of elements to define a single crime." Mathis, 579 U.S. at 504–05. Things become more complicated, however, when confronting an alternatively phrased statute. Courts in that situation must start by determining whether the statute lists "elements in the alternative, and thereby define[s] multiple crimes," or whether the statute creates only a single crime and specifies "various factual means" of committing an element of that crime. Id. at 505–06, 517. If the statute lists alternative elements and creates multiple crimes, it is "divisible" and courts may use the "modified categorical approach" to determine which of the alternative elements formed the basis

of the defendant's conviction. Id. at 505–06, 517; United States v. Horse Looking, 828 F.3d 744, 747 (8th Cir. 2016). Under the modified categorical approach, courts may consult the defendant's indictment, the plea agreement, a transcript of the plea colloquy, and "any explicit factual finding by the trial judge to which the defendant assented." Shepard v. United States, 544 U.S. 13, 16 (2005). If the statute merely lists alternative means of "committing some component of the offense," the statute is indivisible and subject only to the categorical approach. Mathis, 579 U.S. at 506.

Mathis provides some guidance on distinguishing elements from means in alternatively phrased statutes. "Elements," the Court explained, "are the constituent parts of a crime's legal definition—the things the prosecution must prove to sustain a conviction." Id. at 504 (cleaned up and citation omitted). "At a trial, they are what the jury must find beyond a reasonable doubt to convict the defendant; and at a plea hearing, they are what the defendant necessarily admits when he pleads guilty." Id. (cleaned up and internal citation omitted). Means, "by contrast, are mere real-world things—extraneous to the crime's legal requirements." Id. "They are circumstances or events having no legal effect or consequence: In particular, they need neither be found by a jury nor admitted by a defendant." Id. (cleaned up and citation omitted).

Mathis directs judges to look to state law, including state court decisions interpreting a state statute, to determine whether statutory alternatives constitute elements or means. Id. at 517–18. And sometimes the statute itself will answer the question. Id. at 518; see also United States v. McConnell, 65 F.4th 398, 403 (8th Cir. 2023) (explaining that, among other things, courts should look to a "statute's text and structure" when analyzing divisibility). "If statutory alternatives carry different punishments," for instance, then "they must be elements." Mathis, 579 U.S. at 518. By contrast, "if a statutory list is drafted to offer illustrative examples, then it includes

only a crime's means of commission." Id. "And a statute may itself identify which things must be charged (and so are elements) and which need not be (and so are means)." Id.

When state law "fails to provide clear answers," Mathis allows courts to "peek" at the "record of a prior conviction" to determine whether the listed items are elements or means. Id. An indictment and correlative jury instruction charging the defendant with all the terms of an alternatively phrased statute would clearly indicate that "each alternative is only a possible means of commission, not an element that the prosecutor must prove to a jury beyond a reasonable doubt." Id. at 519. "Conversely, an indictment and jury instructions could indicate, by referencing one alternative term to the exclusion of all others, that the statute contains a list of elements, each one of which goes toward a separate crime." Id. The Court in Mathis recognized, however, that the record materials might not "speak plainly" enough to satisfy the categorical approach's "demand for certainty." Id. (cleaned up and citation omitted); see also United States v. Naylor, 887 F.3d 397, 401 (8th Cir. 2018) (en banc) ("If the record materials do not speak plainly on the means-elements issue, we will be unable to meet the demand for certainty required of any determination that a conviction qualifies as a violent felony under the ACCA." (cleaned up and citation omitted)). Thus, "[w]hen neither the statute nor state law shows that the statute's alternatives are elements, and the record materials do not speak plainly, [courts] must treat the statute as indivisible and proceed under the standard categorical approach." United States v. Winrow, 49 F.4th 1372, 1380 (10th Cir. 2022) (cleaned up and citation omitted).

Marrowbone's prior conviction alleged to trigger his responsibility to register as a sex offender is for assault with intent to commit rape in violation of the version of 18 U.S.C. § 113(a) in effect at the time of his 1981 crime. At that time, § 113(a) stated:

> Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows:

7

> (a) Assault with intent to commit murder or rape, by imprisonment for not more than twenty years.

18 U.S.C. § 113(a) (1976). Section 113(a) in 1981 used disjunctive, alternative phrasing—intent to commit murder *or* rape—and thus, this Court must determine whether the disjunctive phrases were means or elements. The answer to that question dictates which approach—categorical or modified categorical—properly determines whether Marrowbone's prior conviction is a sex offense. This Court previously employed the modified categorical approach after recognizing that § 113(a) "charged alternate versions of assault." Marrowbone, 2014 WL 6694781, at *3. But that decision did not expressly conclude that the alternatively phrased items in the statute were elements and predated the guidance set out in Mathis.

Mathis directs judges to look to state law, including state court decisions interpreting a state statute, to determine whether statutory alternatives constitute elements or means. 579 U.S. at 517–18. Marrowbone's statute of conviction was a federal offense, so state law offers no assistance here. However, federal court decisions help in interpreting § 113(a) as it existed in 1981. See United States v. Devereaux, 91 F.4th 1361, 1368 (10th Cir. 2024) (reviewing federal case law in performing a means-elements analysis under Mathis). In United States v. Iron Shell, the Eighth Circuit identified as *elements* of assault with intent to commit rape under § 113(a) "(1) that the defendant assaulted the prosecutrix, and (2) that the defendant committed the assault with the specific intent to commit rape." 633 F.2d 77, 88 (8th Cir. 1980). Notably excluded from the court's recitation of the elements is an intent to commit murder. Indeed, the Eighth Circuit treated assault with intent to commit rape as a distinct crime from assault with intent to commit murder. Id. at 88; see also United States v. Warbonnet, 750 F.2d 698 (8th Cir. 1984) (per curiam); United States v. Joe, 831 F.2d 218, 220 (10th Cir. 1987) ("Assault with intent to commit rape has the essential elements that the defendant assaulted the victim and that the defendant committed the

8

assault with the specific intent to commit rape."); United States v. Jones, 681 F.2d 610 (9th Cir. 1982). The United States Court of Appeals for the Ninth Circuit in Jones stated that a requisite element of conviction for assault with intent to commit murder was "the specific intent to kill." 681 F.2d at 611. The Ninth Circuit did not state that proving either an intent to kill or an intent to commit rape was sufficient for a conviction. Although these decisions significantly predate any decisions demarcating elements and means and the categorical approach regime entirely, they suggest § 113(a)'s alternative phrasing sets forth alternative elements.

Next, this Court looks to the statute itself, Mathis, 579 U.S. at 518, including the "statute's text and structure," McConnell, 65 F.4th at 403. "If statutory alternatives carry different punishments," then "they must be elements." Mathis, 579 U.S. at 518. But "if a statutory list is drafted to offer illustrative examples, then it includes only a crime's means of commission." Id. Here, § 113(a) as it existed in 1981, both for assault with intent to commit murder and with an intent to commit rape, carried a punishment of imprisonment for not more than twenty years. However, the statute's text and structure strongly suggest the alternative phrasing sets forth alternative mens rea elements of two distinct offenses. In deciphering what the elements are, "[t]he language of the statute [is] the starting place." Staples v. United States, 511 U.S. 600, 605 (1994). "In the criminal law, both a culpable *mens rea* and a criminal *actus reus* are generally required for an offense to occur." United States v. Apfelbaum, 445 U.S. 115, 131 (1980). "[A] crime's elements serve to give notice of both the *actus reus* proscribed by a particular crime and the *mens rea* required for culpability." United States v. Ojeda, 951 F.3d 66, 75 (2d Cir. 2020). Section 113(a)'s text provided an actus reus—assault—and two alternative *mentes reae*—specific intent to commit a murder and specific intent to commit rape. When the actus reus is committed with one of the alternatively provided *mentes reae*, one of two distinct crimes is committed.

9

Despite the alternative *mentes reae* carrying the same punishment, the statute's text indicates 113(a) sets forth alternative elements of two distinct offenses.

Finally, a court may look at "the record of a prior conviction itself." Mathis, 579 U.S. at 518. An indictment setting forth all of the alternatives is "as clear an indication as any that each alternative is only a possible means of commission." Id. at 519. But an indictment referencing one alternative to the exclusion of the other indicates that the alternatives are elements. Id. Here, Count I of the indictment in 81-CR-30073 charged Marrowbone with assault with intent to commit rape as follows:

> That on or about November 4, 1981, David Marrowbone, an Indian, near Cherry
> Creek, Ziebach County, South Dakota, in Indian Country in the District of South
> Dakota, did unlawfully assault [R.C.M.] with intent to commit rape upon the said
> [R.C.M.], in violation of 18 U.S.C. § 1153 and § 113(a).

81-CR-30073, Doc. 1-2 at 2. Count I, the count of conviction, does not reference the alternative crime of intent to commit murder. Accordingly, the indictment for Marrowbone's 1982 conviction indicates that § 113(a)'s alternative phrasing sets forth alternative elements.

Utilizing the guidance set out in Mathis, this Court concludes that § 113(a) sets forth elements in the alternative thereby defining two different crimes—assault with intent to commit murder and assault with intent to commit rape. Thus, this Court may use the modified categorical approach to determine which of the alternative elements formed the basis of Marrowbone's conviction. The 1981 indictment and 1982 judgment state that Marrowbone was charged with and convicted of the crime of assault with intent to commit rape. 81-CR-30073, Doc. 1-2 at 2, 19. The elements of assault with intent to commit rape then determine whether that crime is a qualifying sex offense.

Using the modified categorical approach, this Court previously concluded that assault with intent to commit rape was a sex offense. See Marrowbone, 2014 WL 6694781, at *4. This Court

10

first held that an assault to commit rape in violation of 18 U.S.C. § 113 as it existed in 1981 "cannot be considered a sex offense under clause (i) of 42 U.S.C. § 16911(5)(A),[2] which requires 'a criminal offense that has an element involving a sexual act or sexual contact with another.'" Id. at *3. The terms "sexual act" and "sexual contact" both require actual physical contact between the offender and the victim. 18 U.S.C. § 2246(2)–(3). The elements of assault to commit rape were: (1) an assault (2) perpetrated with the specific intent to commit rape. Iron Shell, 633 F.2d at 88. Although an assault with intent to commit rape could have involved a sexual act or sexual contact, neither is a necessary element for a conviction. Rather, this Court held that "[a] conviction of assault with intent to commit rape necessarily requires proving an attempted rape." Marrowbone, 2014 WL 6694781, at *4. Accordingly, this Court concluded assault with intent to commit rape was an attempt or conspiracy to commit an offense described in clause (i), which is a sex offense under 34 U.S.C. § 20911(5)(A)(v). Id. This Court noted:

> At the time of Marrowbone's conviction in 1982, rape was a federal offense that necessarily included a sexual act. A conviction for the federal offense of rape required proving sexual intercourse obtained through the "use of force by the offender and an absence of consent by the victim." Williams v. United States, 327 U.S. 711, 715 (1946). Sexual intercourse is a sexual act as defined by federal law. 18 U.S.C. § 2246(2)(A) (defining "sexual act" in part as "contact between the penis and the vulva or the penis and the anus"). Rape unquestionably is a sex offense and was so in 1982.

Id. (footnote omitted). This Court stands by its previous ruling and again concludes that assault with intent to commit rape is a sex offense under § 20911(5)(A)(v). Therefore, the Indictment in the present case states an offense.

### IV.    Conclusion

For the reasons explained above, it is hereby:

ORDERED that Defendant's Motion to Dismiss Indictment, Doc. 29, is denied.

---

[2]Section 16911 has since been recodified at 34 U.S.C. § 20911.

DATED this ___16ᵗʰ___ day of July, 2025.

BY THE COURT:

_____

ROBERTO A. LANGE
CHIEF JUDGE